IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL R. OUELLETTE, et al.,

    Plaintiffs,

  v.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.

                                         /

No. C 10-02078 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 9, 2010 AT 10:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively DENIES** Plaintiffs' motion for preliminary injunction. The Court tentatively finds that Plaintiffs have demonstrated a likelihood of success on at least some of their claims against Defendant EMC Mortgage Corporation ("EMC"), but finds that Plaintiffs have not demonstrated that they will suffer any harm that could not be compensated by monetary damages.

The parties shall each have 15 minutes to address the following questions:

1. Does Plaintiff Ouellette contend that EMC was obligated to modify his mortgage? If so, on what authority does Plaintiff Ouellette rely?

2. Does Plaintiff Ouellette contend that he could pay the mortgage and bring the loan out of default if the principal amount were adjusted to reflect what would be due if Defendants had properly applied his payments?

3. Does Plaintiff Ouellette contend that he would be entitled to keep his home as a remedy to any of his claims? If so, which claim or claims and on what authority does Plaintiff Ouellette rely?

4. Plaintiffs Wilson and Rennick's contend that the home might be sold for less than it otherwise would if the starting bidding price at the foreclosure sale is wrongfully inflated. Why is this contention not speculative?

5. Do the parties have anything further they wish to address?

Dated: June 7, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2