IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL R. OUELLETTE, et al.,

    Plaintiffs,

v.

JP MORGAN CHASE BANK, N.A., et al.,

    Defendants.

No. C 10-02078 JSW

**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Now before the Court is motion for preliminary injunction filed by plaintiffs Michael R. Ouellette ("Ouellette"), Kelly M. Wilson ("Wilson"), and Karrie E. Rennick ("Rennick") (collectively, "Plaintiffs"). Having considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the Court DENIES Plaintiffs' motion for a preliminary injunction.

**BACKGROUND**

Plaintiffs filed a complaint challenging the mortgage servicing practices of defendants JP Morgan Chase Bank, N.A., as the successor in interest from the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank ("JP Morgan") and EMC Mortgage Corporation ("EMC") (collectively, "Defendants"). Plaintiffs now move to enjoin the pending trustee sale of the property located at 1764 Scott Street, St. Helena, California. The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.    Applicable Legal Standards.**

To prevail on a motion for a preliminary injunctive relief, Plaintiffs "must establish that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy" it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.' *Id*. at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). "'In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.'" *Id.* at 376-77 (citing *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

**B.    Plaintiffs' Motion for Preliminary Injunction.**

In order to obtain a preliminary injunction, Plaintiffs must show the possibility of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 88 (1974) ("[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies") (quoting *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500, 506-507 (1959)). "[F]oreclosure under certain circumstances may constitute irreparable harm." *Mandrigues v. World Savings, Inc.*, 2009 WL 160213 at *3 (N.D. Cal. Jan. 20, 2009). For example, a court has found that a plaintiff made a showing of irreparable harm where the defendants intended to foreclose upon his primary residence, his father was severely ill and resided with him, and where foreclosure would eliminate his right to rescind the loan transaction. *See Nichols v. Deutsche Bank Nat. Trust Co.*, 2007 WL 4181111 at *2 (S.D. Cal. Nov. 7, 2007) (citing *Sundance Land Corp. v. Comty First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661 (9th Cir. 1988)). In contrast, other courts have concluded that a plaintiff could not show irreparable harm where the "record

1 suggests that [the plaintiff] sought a loan beyond her financial means and expectation of job
2 loss," *Alcaraz v. Wachovia Mortgage FSB*, 2009 WL 30297 at *4 (E.D. Cal. Jan. 6, 2009), or
3 where a plaintiff has not taken the opportunity to mitigate the risk of foreclosure by accepting
4 remedies offered by the lender. *See Parker v. U.S. Dep't of Agriculture*, 879 F.2d 1362, 1367-
5 68 (6th Cir. 1989).

6 In this case, Ouellette, the only plaintiff who resides at the property at issue, conceded at
7 the hearing on this motion, that he does not allege any claims that would entitle him to maintain
8 the property as a remedy. In fact, as Plaintiffs state in their reply brief, Ouellette's underlying
9 debt on the property has been discharged in bankruptcy. (Reply at 9.) Therefore, even if
10 Ouellette were financially capable of bringing the loan out of default and making current
11 payments on the mortgage, it appears as though Ouellette would not be entitled to make such
12 payments. The mortgage debt has already been discharged. Moreover, the bulk of Ouellette's
13 claims challenge Defendants' accounting practices and misapplication of Ouellette's payments
14 to penalties and fees, ahead of interest and principal on the loan. Ouellette can be compensated
15 for such claims through monetary damages.

16 The Court provided the parties a tentative ruling and questions before the hearing and
17 made clear that the Court was inclined to find that Plaintiffs failed to demonstrate that they will
18 suffer any harm that could not be compensated by monetary damages. At the hearing on this
19 motion, Plaintiffs failed to provide any authority or even argument to demonstrate that Ouellette
20 was entitled to the equitable relief of enjoining the foreclosure on the property.

21 With respect to Wilson and Rennick, Plaintiffs had argued in their briefs that they would
22 be irreparably harmed by the foreclosure if the starting bidding price were wrongfully inflated.
23 According to Plaintiffs, people or entities might be dissuaded from bidding on the property and
24 then the property might be sold for less than it otherwise would. The Court indicated that it
25 found this contention speculative and provided Plaintiffs an opportunity to demonstrate why it
26 was not speculative. Plaintiffs declined this offer and, instead, argued a different theory of
27 irreparable harm at the hearing on the motion. According to Plaintiffs, as junior lien holders,
28 Wilson and Rennick are entitled to the equitable relief of superceding the senior lien holder.

3

This would be an opportunity that they would lose if the property were sold at a foreclosure sale. However, the authority upon which Plaintiffs rely does not support the proposition that Wilson and Rennick are entitled to such equitable relief. *See Gluskin v. Altantic Savings & Loan Assn.*, 32 Cal. App. 3d 307 (1973); *Lennar Northeast Partners v. Buice*, 49 Cal. App. 4th 1576 (1996). In both *Gluskin* and *Lennar*, the courts addressed the applicability of an equitable remedy where the senior lien holder modified a loan to the detriment of the junior lien holder without the junior lien holder's prior consent. *See Gluskin*, 32 Cal. App. 3d at 315; *Lennar Northeast Partners*, 49 Cal. App. 4th at 1589. Here, Plaintiffs have not alleged that Defendants modified the mortgage. In fact, Plaintiffs challenge Defendants' *failure* to modify Ouellette's loan.[1] Therefore, the Court finds that Plaintiffs have not made a sufficient showing of irreparable injury. Accordingly, the Court DENIES Plaintiffs' motion for a preliminary injunction.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion for a preliminary injunction. The Court FURTHER ORDERS that the previous injunction issued by the Court enjoining the trustee sale of 1764 Scott Street, St. Helena, California until June 16, 2010 is VACATED.

**IT IS SO ORDERED.**

Dated: June 10, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs also argued at the hearing that *Baypoint Mortgage Corp. v. Crest Premium Real Estate Investments Retirement Trust*, 168 Cal. App. 3d 818 (1985) provides supports for their proposition that courts may enjoin a foreclosure where the amount alleged to be in default was inflated. In *Baypoint*, the defendant sought to foreclose on 23 deeds of trust where the evidence showed the plaintiff was not in default. *Id*. at 825. Here, it is undisputed that Ouellette is in default on his mortgage. Therefore, Plaintiffs' reliance on *Baypoint Mortgage* is misplaced.

4