IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. OUELLETTE, et al., | |
| Plaintiffs, | No. C 10-02078 JSW |
| v. | |
| JP MORGAN CHASE BANK, N.A., et al., | **ORDER REQUIRING SUPPLEMENTAL BRIEFING** |
| Defendants. | |

Now before the Court is the motion to dismiss filed by defendants JP Morgan Chase Bank, N.A., as the successor in interest from the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank ("JP Morgan") and EMC Mortgage Corporation ("EMC") (collectively, "Defendants"). Upon review of the parties' papers, the Court finds that supplemental briefing would be beneficial. Therefore, the Court HEREBY VACATES the hearing set for August 6, 2010. The Court will reset the hearing at a later date, if necessary.

By no later than August 6, 2010 plaintiffs Michael R. Ouellette ("Ouellette"), Kelly M. Wilson ("Wilson"), and Karrie E. Rennick ("Rennick") (collectively, "Plaintiffs") shall file a supplemental brief in opposition to Defendants' motion to dismiss to address the following issues:

(1) The Court agrees that JP Morgan is not liable for the alleged conduct of Washington Mutual Bank in connection with plaintiff Michael R. Ouellete's mortgage. In light of the Court's conclusion on this point, what misconduct, if any, do Plaintiffs allege that JP

Morgan committed? If Plaintiffs allege misconduct by JP Morgan, where in their complaint do Plaintiffs set forth such allegations?

(2) In light of the fact that Ouellette's mortgage debt has been discharged in bankruptcy, what specific damages does Ouellette allege that he incurred? In responding to this question, Ouellette should delineate what alleged damages he suffered in relation to *each claim* and *which defendant* allegedly caused such damage.

(3) Does Ouellette allege that EMC breached any other contract other than the deed of trust? If so, where in the complaint do Plaintiffs set forth such allegations?

(4) Plaintiffs argue that Rennick and Wilson have standing because Ouellette assigned them any rights he may have had to pursue claims against EMC and Washington Mutual, including its successor JP Morgan. Plaintiffs contend that proof of this assignment is attached as Exhibit 3 to their request for judicial notice. (Opp. at 4-5.) However, Exhibit 3 is an "Order by Default Compelling Chapter 7 Trustee to Abandon Property to the Estate." This exhibit does not mention any assignment. Moreover, if as Plaintiffs' contend, that Ouellette assigned his rights to assert claims against Defendants to Rennick and Wilson, then on what basis does Ouellette retain a right to assert claims against Defendants?

Defendants may file a response to Plaintiffs' supplemental brief by no later than August 13, 2010.

Dated: July 23, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE